IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. CR-21-221-TDD |
| | ) |
| DAVID DEVAL MARTIN, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is the parties' Joint Motion to Strike the Scheduling Order and Set Trial Date [Doc. No. 99]. For the reasons set forth herein, the Motion is **GRANTED**.

### *Background*

Defendant is charged in an indictment with murder in Indian Country in violation of 18 U.S.C. §§ 1111(a), 1151, and 1153. *See* [Doc. No. 20]. Defendant appeared for arraignment before the magistrate judge on June 16, 2021 and was detained. *See* [Doc. No. 27]. The case was set on the Court's July 20, 2021 jury trial docket. *See* [Doc. No. 29]. On July 13, 2021, the Court granted the parties' joint motion to continue and placed the case on the November 9, 2021 jury trial docket. *See* [Doc. No. 34].

On October 7, 2021, the Court granted Defendant's first motion to continue and placed the case on the February 8, 2022 jury trial docket. *See* [Doc. No. 38]. On January 4, 2022, the Court granted Defendant's second motion to continue and placed the case on May 10, 2022 jury trial docket. *See* [Doc. No. 42]. On April 1, 2022, the Court granted Defendant's third motion to continue and placed the case on the September 12, 2022 jury

trial docket. *See* [Doc. No. 46]. On August 17, 2022, the Court granted Defendant's fourth motion to continue and placed the case on the January 23, 2023 jury trial docket. *See* [Doc. No. 52]. On September 21, 2022, the Court granted the Government's first motion to continue and placed the case on the February 14, 2023 jury trial docket. *See* [Doc. No. 56]. On January 17, 2023, the Court granted Defendant's fifth motion to continue and placed the case on its August 8, 2023 jury trial docket. *See* [Doc. No. 67].

On May 26, 2023, the Court granted a motion to determine competency, filed pursuant to 18 U.S.C. § 4241. *See* [Doc. No. 71].[1] On June 14, 2023, the Court granted Defendant's motion to strike the scheduling order. *See* [Doc. No. 77]. On July 5, 2023, the Court extended Defendant's commitment by a period not to exceed fifteen days, pursuant to 18 U.S.C. § 4247(b). *See* [Doc. No. 79]. On August 23, 2023, the magistrate judge held a hearing to determine whether Defendant was competent to stand trial. *See* [Doc. No. 84]. On August 24, 2023, the magistrate judge issued a report and recommendation as to Defendant's competency. *See* [Doc. No. 85].

On September 6, 2023, Defendant's then-counsel of record moved to withdraw and stated that Defendant wished to represent himself. *See* [Doc. No. 86]. On September 11, 2023, the Court adopted the magistrate judge's report and recommendation as to Defendant's competency to stand trial, finding that Defendant is competent, but did not adopt the report and recommendation as to the recommendation that defense counsel be appointed standby counsel if Defendant is allowed to represent himself. *See* [Doc. No. 88].

---

[1] The Court amended its order on June 1, 2023. *See* [Doc. No. 73].

On November 30, 2023, the Court conducted a *Faretta* hearing and inquired as to whether Defendant wished to waive his right to counsel and represent himself. During the hearing, the Court granted Defendant's request to represent himself and allowed defense counsel to withdraw from the case. Subsequently, the Court appointed standby counsel. *See* [Doc. No. 96]. The Court also entered a scheduling order and placed the case on its January 8, 2024 jury trial docket. *See* [Doc. No. 95].

On December 11, 2023, the parties filed the instant joint motion to strike the scheduling order and set this case on the Court's April 2024 jury trial docket. *See* [Doc. No. 99]. In support of this motion, Defendant avers that he needs more time to prepare for trial and agrees that a continuance is in his best interest. Furthermore, Defendant has executed a waiver of speedy trial and affirmatively waived any period of delay associated with this request. *See* [Doc. No. 100]. Finally, the parties state that "[t]he ends of justice will be served by this request, and a miscarriage of justice will result if the request is denied."

### *Discussion*

The Court finds that the need for a continuance outweighs the best interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A); *see also United States v. Toombs*, 574 F.3d 1262, 1273 (10th Cir. 2009). To the extent the time limits set forth in the Speedy Trial Act are implicated by the granting of this continuance, the continuance is in the interest of justice. For the reasons fully set forth in the motion, the Court finds that a refusal to grant the requested continuance would unreasonably deny the parties the reasonable time necessary for effective preparation, taking into account the

exercise of due diligence by Defendant and the Government. Specifically, due to Defendant's decision to represent himself, more time is needed for Defendant to review voluminous discovery, locate and interview witnesses, and prepare for trial. Accordingly, proceeding to trial before January 9, 2024 would deprive Defendant of adequate time for effective preparation and representation.

In making these findings, the Court has fully considered the statutory factors set forth in §§ 3161(h)(7)(B) and (C), and has concluded that the requested continuance is fully consistent with congressional policies and binding precedent. *See Bloate v. United States*, 559 U.S. 196, 214 (2010); *Toombs*, 574 F.3d at 1269. Further, no circumstance is present that would prohibit a continuance pursuant to § 3161(h)(7)(C). Therefore, the period of delay caused by the granting of this Motion is excludable for purposes of the Speedy Trial Act. 18 U.S.C. §§ 3161(h)(7)(A) and (B)(iv).

### *Conclusion*

For the reasons set forth herein, this case is stricken from the January 9, 2024 jury trial docket and is reset on the April 2, 2024[2] jury trial docket. The parties shall file all pretrial motions, including motions in limine, by **March 12, 2024**. Responses to pretrial motions shall be filed by **March 19, 2024**. Requested voir dire and requested jury

---

[2] The Court notes that G.O. 23-9, 22-22, 22-15, 22-3, 21-10, and 21-18 authorize special sessions of the United States District Court for the Eastern District of Oklahoma to be held in the Western District of Oklahoma and allow the trial of this case to occur in the William J. Holloway, Jr. United States Courthouse in Oklahoma City. Thus, the Court has modified the case schedule to fit the calendar of proceedings and trial practices in the Western District.

instructions shall be filed by **March 22, 2024**. Objections to requested voir dire and requested jury instructions shall be filed by **March 29, 2024**.

**IT IS SO ORDERED** this 21st day of December, 2023.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE