# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>　Plaintiff, )<br>)<br>v. )<br>)<br>DAVID DEVAL MARTIN, )<br>)<br>　Defendant. ) | Case No. CR-21-221-TDD |

## ORDER

Before the Court is the government's Unopposed Motion to Introduce Evidence Under Federal Rule of Evidence 804 [Doc. No. 118]. Upon consideration, and for the reasons that follow, the Motion will be granted.

## BACKGROUND

In 2016, a jury in the District Court of McIntosh County, Oklahoma convicted Defendant David Deval Martin of first-degree murder. But after the United States Supreme Court's decision in *McGirt v. Okla.*, 591 U.S. 894 (2020), the Oklahoma Court of Criminal Appeals vacated Defendant's state-court conviction and remanded the case with instructions to dismiss. Defendant was then charged in the United States District Court for the Eastern District of Oklahoma with one count of Murder in Indian Country (First Degree) in violation of 18 U.S.C. §§ 1111(a), 1151, and 1153. The Indictment alleges that on or about November 7, 2013, Defendant willfully, deliberately, maliciously, and with premeditation and malice aforethought, unlawfully killed Jennifer Kitchens.

At the time of Defendant's state-court trial, Roger Marrs was a Criminalist Latent Print Examiner with the Oklahoma State Bureau of Investigation (OSBI). *Id.* at 2. However, since testifying at Defendant's state-court trial in 2016, Mr. Marrs's migraine headaches—which he has suffered from his entire professional life—have become more frequent and severe. *Id.* at 2-3. Ultimately, Mr. Marrs's migraines "ended his career early and resulted in his disability retirement being granted." *Id.* at 4. Since his retirement from OSBI, Mr. Marrs's condition has only worsened, resulting in "'severe brain fog' that affects [his] 'speech, both short-term and long-term memory, and [cause] very low energy." *Id.* (quoting Gov't Mot., Ex. 2 [Doc. No. 118-2] (letter from Mr. Marrs to the Court)).

In the instant Motion, which is unopposed by Defendant, the government argues that Mr. Marrs's state-court testimony should be admitted at trial under Federal Rule of Evidence 804(b)(1).

## DISCUSSION

**I.     Mr. Marrs's state-court testimony is admissible under Rule 804(b)(1).**

The government seeks to introduce Mr. Marrs's testimony from Defendant's state-court trial under Rule 804, which provides for hearsay exceptions when a declarant is unavailable. Relevant here, Rule 804(b)(1) excludes from the general rule barring admission of hearsay a declarant's former testimony when the declarant is unavailable and other certain conditions are met:

> **(b) The Exceptions.** The following are not excluded by the rule against hearsay if the declarant is unavailable as a witness:
>
> **(1) *Former Testimony*.** Testimony that:

2

> (A) was given as a witness at a trial, hearing, or lawful deposition, whether given during the current proceeding or a different one; and
>
> (B) is now offered against a party who had — or, in a civil case, whose predecessor in interest had — an opportunity and similar motive to develop it by direct, cross-, or redirect examination.

Fed. R. Evid. 804(b)(1). For the reasons that follow, the Court finds that Mr. Marrs's testimony given during Defendant's state-court trial falls within Rule 804(b)(1).

### A.    Mr. Marrs is unavailable.

"A declarant is considered to be unavailable as a witness if the declarant . . . cannot be present or testify at the trial or hearing because of death or a then-existing infirmity, physical illness, or mental illness." Fed. R. Evid. 804(a)(4). Here, Mr. Marrs's frequent and severe migraines are well-documented and have been the subject of numerous physicians' examinations. *See* Gov't Mot., Ex. 2 at 2-3 (listing physicians who Mr. Marrs has seen in an attempt to find a cure for his migraines). Further, during his 2016 fitness-for-duty examination, the evaluating physician determined that Mr. Marrs "has lost the physical/mental stamina need[ed] on a regular daily basis to perform [work] tasks due to his daily and often twice a day migraines." Gov't Mot., Ex. 4 [Doc. No. 118-4] at 1.

Given the increasing severity and frequency of his migraines, as well as the likelihood that his condition will not improve before or during trial, the Court finds that Mr. Marrs is unavailable for purposes of testifying at trial. *See United States v. McGowan*, 590 F.3d 446, 455-56 (7th Cir. 2009) ("Unlike the diagnosis of a temporary mental illness, LaMie's illnesses were chronic, unlikely to change over time except to worsen, and in fact

did worsen over the time that passed between the indictment and trial. In this context, the court's finding of LaMie's unavailability was timely, sound, and well within the court's discretion."); *United States v. Keithan*, 751 F.2d 9, 12 (1st Cir. 1984) ("Frank Robidoux was eighty-seven years old at the time of trial and suffered from a back condition which prevented him from walking. Hattie Robidoux was eighty-three years old and suffered from a heart condition which confined her to her home. These facts clearly support a finding of unavailability.").

> **B.    Defendant had an opportunity and similar motive to develop Mr. Marrs's testimony by cross-examination.**

Rule 804(B)(1)(A) requires that the party against whom testimony is offered must have had "an opportunity and similar motive to develop it by direct, cross-, or redirect examination." "Rule 804(b)(1) does not require that the prior testimony be given in the context of identical charges." *United States v. McElhiney*, 85 F. App'x 112, 114 (10th Cir. 2003). In other words, the motive need only be "similar," not "identical." *United States v. Salerno*, 505 U.S. 317, 326 (1992) (Blackmun, J., concurring).

Here, the requirement is easily met. Defendant's state-court trial and his upcoming trial in this case involve precisely the same issue: whether he murdered Jennifer Kitchens. Defendant's counsel in his state-court trial had the opportunity to cross-examine Mr. Marrs and challenge his opinions, and Defendant's motive for cross-examination was similar, if not identical. *See* 2 MCCORMICK ON EVIDENCE, § 304 (8th ed.) ("The [similar motive] requirement has become, not a mechanical one of identity or even of substantial identity of issues, but rather that the issues in the first proceeding, and hence the purpose for which

4

the testimony was offered, must have been such as to produce an adequate motive for testing on cross-examination the credibility of the testimony."); *see also United States v. Tannehill*, 49 F.3d 1049, 1057 (5th Cir. 1995) ("Although Tannehill's 1993 trial strategy may have changed because he was being tried alone, his motive for cross-examination was the same as in the Lubbock trial: to discredit the witness and separate himself from the other members of the conspiracy.").

**II.     The Confrontation Clause does not bar admission of Mr. Marrs's testimony.**

The Confrontation Clause guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. Amend. VI. The Confrontation Clause applies only to witnesses "against the accused" and only to "testimonial hearsay." *Samia v. United States*, 599 U.S. 635, 644 (2023); *Davis v. Washington*, 547 U.S. 813, 823 (2006). A statement is testimonial if "the circumstances objectively indicate . . . that its primary purpose" is to establish "past events potentially relevant to later criminal prosecution." *Davis*, 547 U.S. at 822.  Relevant here, the Supreme Court has recognized that "there has traditionally been an exception to the confrontation requirement where a witness is unavailable and has given testimony at previous judicial proceedings against the same defendant which was subject to cross-examination by that defendant." *United States v. Hargrove*, 382 F. App'x 765, 778 (10th Cir. 2010) (quoting *Barber v. Page*, 390 U.S. 719, 722 (1968)).

Here, Mr. Marrs's evidence is testimonial, as the primary purpose was to establish past events relevant to Defendant's state-court prosecution. However, Defendant had an opportunity to cross-examine Mr. Marrs during his state-court trial. Therefore, admission

of a transcript of Mr. Marrs's state-court testimony does not run afoul of the Confrontation Clause. *See id.*; *see also United States v. Allen*, 409 F.2d 611, 613 (10th Cir. 1969) ("In the case at bar the right of confrontation has been satisfied. The defendant and the witnesses were brought face to face in a judicial proceeding. The witnesses were sworn and the opportunity for cross-examination was complete and adequate. In our opinion the transcripts were properly received." (citing and relying on *Mattox v. United States*, 156 U.S. 237, 240-44 (1895)).

### III.  The probative value of Mr. Marrs's testimony is not substantially outweighed by the danger of unfair prejudice.

Rule 403 allows the Court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." "Evidence is not unfairly prejudicial simply because it is damaging to [a party's] case." *United States v. Caraway*, 534 F.3d 1290, 1301 (10th Cir. 2008) (quotation omitted). Rather, it must have "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Id.* In other words, evidence is unfairly prejudicial if it "tends to affect adversely the jury's attitude toward the defendant *wholly apart* from its judgment as to his guilt or innocense [sic] of the crime charged." *United States v. Ford*, 613 F.3d 1263, 1268 (10th Cir. 2010) (alteration in original) (quotation omitted).

Mr. Marrs's testimony is relevant, and its probative value is not substantially outweighed by the danger of unfair prejudice. *See* Fed. R. Evid. 401; Fed. R. Evid. 403. In

connection with Defendant's state-court trial, Mr. Marrs "processed evidence, located latent fingerprints, and conducted his analysis." Gov't Mot. at 3. At trial, Mr. Marrs testified "that he compared the defendant's known fingerprints with a bloody fingerprint found on a broom handle retrieved from the scene of the murder" and concluded, based on his testing, that there was a match "between the defendant's left ring finger and the bloody fingerprint on the broom handle." *Id.* This testimony is relevant to the crime charged in this case and is not substantially outweighed by the danger of unfair prejudice.

## CONCLUSION

For these reasons, the Court concludes that Mr. Marrs's testimony from Defendant's state-court trial is admissible under Rule 804(b)(1) and does not run afoul of either the Confrontation Clause or Rule 403.

**IT IS THEREFORE ORDERED** that the government's Unopposed Motion to Introduce Evidence Under Federal Rule of Evidence 804 [Doc. No. 118] is **GRANTED**.

**IT IS SO ORDERED** this 26th day of September, 2024.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE