IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) )   Case No. CR-21-221-TDD |
| DAVID DEVAL MARTIN, | ) ) ) |
| Defendant. | ) |

## ORDER

Before the Court is the government's Notice of Intent to Introduce Intrinsic Evidence or Evidence Under Federal Rule of Evidence 404(b) ("404(b) Notice") [Doc. No. 116] and Defendant's Objection [Doc. No. 121]. The matter is fully briefed and at issue.

## BACKGROUND

In 2016, a jury in the District Court of McIntosh County, Oklahoma convicted Defendant David Deval Martin of first-degree murder. But after the United States Supreme Court's decision in *McGirt v. Okla.*, 591 U.S. 894 (2020), the Oklahoma Court of Criminal Appeals vacated Defendant's state-court conviction and remanded the case with instructions to dismiss. Defendant was then charged in the United States District Court for the Eastern District of Oklahoma with one count of Murder in Indian Country (First Degree) in violation of 18 U.S.C. §§ 1111(a), 1151, and 1153. The Indictment alleges that on or about November 7, 2013, Defendant willfully, deliberately, maliciously, and with premeditation and malice aforethought, unlawfully killed Jennifer Kitchens.

In the 404(b) Notice, the government seeks to introduce the following evidence: "(1) evidence that the defendant physically assaulted the victim two weeks prior to the murder and at the scene of the crime, and (2) evidence of the defendant's threatening communication with the victim after the physical assault and close in time to the murder." Gov't 404(b) Notice at 1. The government first argues that the evidence is intrinsic to the charged crime, and, therefore, Rule 404(b) is not implicated. But even if the evidence is not intrinsic, the government continues, it is admissible under Rule 404(b) because it "proves the defendant's motive, intent, preparation, plan, and identity." *Id.* at 12. Last, the government argues that the evidence is relevant and does not violate Rule 403's balancing test. *Id.* at 18-21.

## DISCUSSION

**I.   The evidence set forth in the 404(b) Notice is intrinsic to the charged crime.**

Federal Rule of Evidence 404(b) provides that "[e]vidence of any other crime, wrong, or act . . . may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(1)-(2). However, Rule 404(b) "only applies to evidence of acts extrinsic to the charged crime." *United States v. Irving*, 665 F.3d 1184, 1212 (10th Cir. 2011) (internal quotations and alterations omitted).

"If the contested evidence is intrinsic to the charged crime, then Rule 404(b) is not even applicable." *Id.* at 1212; *see also United States v. Watson*, 766 F.3d 1219, 1235 (10th Cir. 2014) ("[I]f the other-acts evidence is intrinsic to the charged crime—that is,

'inextricably intertwined' with the evidence of the charged crime—it is admissible without regard to Rule 404(b)'s prohibitions."). As stated by the Tenth Circuit:

> Generally speaking, intrinsic evidence is that which is directly connected to the factual circumstances of the crime and provides contextual background information to the jury. Extrinsic evidence, on the other hand, is extraneous and is not intimately connected or blended with the factual circumstances of the charged offense.

*United States v. Parker*, 553 F.3d 1309, 1314 (10th Cir. 2009) (internal quotation marks and citations omitted); *see also United States v. Ogden*, No. 20-CR-136-JFH, 2021 WL 789861, at *4 (E.D. Okla. Mar. 1, 2021) ("The Tenth Circuit considers evidence intrinsic when it is inextricably intertwined with the charged conduct or the evidence is entirely germane background information, directly connected to the factual circumstances of the crime.").

"Indications that evidence is intrinsic include situations in which the evidence:

- was inextricably intertwined with the charged conduct,
- occurred within the same time frame as the activity in the [crime] being charged,
- was a necessary preliminary to the charged [crime],
- provided direct proof of the defendant's involvement with the charged crimes,
- was entirely germane background information, directly connected to the factual circumstances of the crime, or
- was necessary to provide the jury with background and context of the nature of the defendant's relationship to [other actors]."

*United States v. Cushing*, 10 F.4th 1055, 1075-76 (10th Cir. 2021) (citing *United States v. Kupfer*, 797 F.3d 1233, 1238 (10th Cir. 2015)).

At bottom, the government argues that "evidence that [Defendant] occupied the victim's residence, was recently evicted from it, and savagely struck the victim in anger over three days as a result, is intrinsic because all of the described facts provide germane background information directly connected to the circumstances of the charged criminal conduct." Gov't 404(b) Notice at 7. Defendant, on the other hand, argues there is "no inextricability between any allegations of fear, domestic abuse, and a subsequent murder." Def.'s Obj. at 2. Further, Defendant continues, the unverified nature of Defendant's alleged threats and abuse render the evidence inadmissible. *See id.*

Upon consideration, the Court finds that the evidence included in the 404(b) Notice is intrinsic to the charged crime. The indications identified by the *Cushing* court are helpful on this front and support the Court's finding as to each piece of evidence. First, evidence that Defendant "occupied the victim's residence, was recently evicted from it, and [] struck the victim in anger over three days as a result" is intrinsic because it both occurred within the same time frame as the charged crime and provides the jury with entirely germane background information, directly connected to the factual circumstances of the charged murder. The evidence also "gives background to Defendant's relationship[]" with the victim and "provides context to the statements" Defendant made at the Buddy's convenience store just hours before the charged murder. *See United States v. Matlock*, No. 21-CR-322-JFH, 2024 WL 209428, at *2 (E.D. Okla. Jan. 19, 2024); *see also Cushing*, 10 F.4th at 1075-76.[1]

---

[1] It appears Defendant would have the Court draw a hard line between the alleged abuse and the charged murder. However, as the Court understands it, the abuse and threats directed toward the

Additionally, evidence that Defendant "recently and repeatedly threatened to murder the victim, to send his family to 'get her,' and relentlessly contacted her right up until the day he [allegedly] murdered her" is likewise intrinsic. This evidence occurred within the same time frame as the charged crime, is directly connected to the factual circumstances of the crime, and provides the jury with entirely germane background information, as well as context regarding the nature of Defendant's relationship with the victim. *See United States v. Beard*, No. 23-CR-194-RAW, 2024 WL 4039576, at *5 (E.D. Okla. Sept. 4, 2024) (finding as intrinsic a previous incident in which the defendant tried to run over a former lover who was romantically involved with the person the defendant was charged with murdering); *Matlock*, 2024 WL 209428, at *2 (finding as intrinsic evidence of "Defendant's occupancy at Scraper's residence, drug use, romantic jealousy, and statement to Scraper's girlfriend regarding manufacturing bullets" because, among other reasons, it "gives background to Defendant's relationships with Scraper and his girlfriend"); *United States v. Smith*, No. CR-21-171-TDD, 2022 WL 2110318, at *2 (E.D. Okla. June 10, 2022) (finding as intrinsic "evidence that Defendant attempted to pawn a rifle and a handgun on the day of the shooting" because it "is inextricably intertwined with and directly connected to the factual circumstances of the charged offenses").

---

victim were part of a continuous pattern of Defendant's conduct in the weeks leading up to the charged murder. In other words, the alleged instances of abuse and threats do not appear to be one-off, isolated incidents wholly untethered from the charged murder. Instead, the continuous nature of the abuse and threats in the days and weeks leading up to the charged murder are part and parcel of the background necessary to understand the circumstances surrounding the charged murder.

5

Perhaps most importantly, however, the evidence bears directly on the applicable *mens rea*—*i.e.*, whether Defendant murdered the victim willfully, deliberately, maliciously, and with premeditation and malice aforethought. *See* Tenth Circuit Pattern Instruction No. 2.52. In other words, if it is true that Defendant repeatedly threatened to murder the victim in the days immediately before the charged murder, such evidence—at the very least— tends to show that Defendant contemplated murdering the victim before he allegedly did so.

In sum, the Court concludes that the evidence included in the 404(b) Notice is intrinsic to the charged crime. Therefore, Rule 404(b) is not applicable.

**II.    Alternatively, even if the evidence is not intrinsic to the charged crime, it is admissible under Rule 404(b).**

The Court concludes that the evidence set forth in the government's notice is intrinsic to the charged crime, and, therefore, Rule 404(b) is not applicable. But even if the evidence is not intrinsic, the Court would find that it is admissible under Rule 404(b).

Rule 404(b) provides that although "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character," such "evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(1), (2). Four factors govern the admissibility of evidence of other crimes or wrongs under Rule 404(b): (1) the evidence must be offered for a proper purpose; (2) it must be relevant; (3) its probative value must not be substantially outweighed by its potential for unfair prejudice under Rule

403; and (4) the court must give a proper limiting instruction if it is requested by the defendant. *United States v. Moran*, 503 F.3d 1135, 1143 (10th Cir. 2007) (citing *Huddleston v. United States*, 485 U.S. 681, 691–92 (1988)).

When offering evidence under Rule 404(b), "the government bears the burden of showing that the proffered evidence is relevant to an issue other than character." *United States v. Youts*, 229 F.3d 1312, 1317 (10th Cir. 2000). "The government must 'articulate precisely the evidentiary hypothesis by which a fact of consequence may be inferred' from the other acts evidence." *Id.* (quoting *United States v. Kendall*, 766 F.2d 1426, 1436 (10th Cir. 1985)); *see also United States v. Commanche*, 577 F.3d 1261, 1266 (10th Cir. 2009).

Here, the evidence, in a general sense, relates to Defendant's behavior in the weeks immediately preceding the victim's death. The government argues the evidence is "relevant to prove [Defendant's] motive, intent, identity, and is necessary to complete the story of [his relationship with the victim]." Gov't 404(b) Notice at 13. In response, Defendant argues that the government "should be enjoined and prohibited from introducing the evidence requested in their *Motion* because it does not meet the requirements of 404(b) insofar as the requisite tests involved, and it is further overly prejudicial and not probative of the instant case." Def.'s Obj. at 1.

Upon consideration, the Court finds that evidence regarding Defendant's alleged domestic violence toward the victim in the weeks leading up to the charged murder, as well as evidence of Defendant's threats toward, and attempted contact with, the victim in the days before the charged murder is admissible. The evidence tends to show Defendant's intent, identity, plan, deliberation, and premeditation. The evidence also helps complete the

story of Defendant's relationship with the victim and shows potential animosity Defendant held toward the victim. *See Smith*, 2022 WL 2110318, at *2 ("The Court agrees with the government that, in this murder case, evidence of a previous physical altercation between Defendant and Mr. Arthur is relevant and probative of Defendant's alleged motive, intent, and personal animosity toward Mr. Arthur—all of which are proper uses of the evidence under Rule 404(b)."); *see also United States v. Naranjo*, 710 F.2d 1465, 1467-68 (10th Cir. 1983) ("The prior batteries and the charged killing of Alice Naranjo have in common their violent nature and the victim. . . . The continuing pattern of defendant's physical abuse of Alice occurred from 1977 to September, 1981, that is, just three months before the charged killing. We believe that such evidence was directly probative of the intent required to be proved beyond a reasonable doubt before defendant could be convicted on the charge of second-degree murder."); *United States v. Wooten*, 377 F.3d 1134, 1143 (10th Cir. 2004) ("The district court found that evidence concerning a series of incidents between Mr. Wooten and Ms. Wooten, which happened to include evidence regarding the May 3 incident, was relevant to the issues of Mr. Wooten's intent, Ms. Wooten's lack of consent (which was relevant to the kidnapping charge), and the long-standing personal animosities between Mr. Wooten and Ms. Wooten. (Tr. at 24.) Thus, this evidence was admitted for a proper purpose other than to show that Mr. Wooten acted in conformity with these prior bad acts on the night in question.").

### III. The probative value of the evidence is not substantially outweighed by the danger of unfair prejudice.

Rule 403 allows the Court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." "Evidence is not unfairly prejudicial simply because it is damaging to [a party's] case." *United States v. Caraway*, 534 F.3d 1290, 1301 (10th Cir. 2008) (quotation omitted). Rather, it must have "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Id.* In other words, evidence is unfairly prejudicial if it "tends to affect adversely the jury's attitude toward the defendant *wholly apart* from its judgment as to his guilt or innocense [sic] of the crime charged." *United States v. Ford*, 613 F.3d 1263, 1268 (10th Cir. 2010) (emphasis in original) (quotation omitted).

The government argues that "[s]tories of spurned lovers are not uncommon in homicide cases[,] [a]nd the incidents of physical violence in this case . . . happened just two weeks before the murder, involved the same victim, and occurred in the same house as the murder." Gov't 404(b) Notice at 20. Further, the government continues, the "domestic violence also began a series of events that provided a motive and demonstrated the defendant's evolving plan of harassment and abuse." *Id.* Therefore, the government concludes that any "marginal prejudice from these details" does not violated Rule 403. *Id.* at 21.

In response, Defendant argues that the "evidence is sought to be presented solely to inflame the passions of the jury in order to secure a conviction." Def.'s Obj. at 3. Defendant contends that the government "has myriad experts that will testify as to the manner of death and forensic investigation involved in this case[,]" and if the government "believes that the forensic and scientific evidence stands on its own feet, there would be no need to attempt to offer this extrinsic evidence." *Id.*

Upon consideration, the Court finds that the probative value of the proffered evidence is not substantially outweighed by the danger of unfair prejudice.[2] To be sure, evidence of Defendant's alleged physical and verbal abuse of the victim (and relevant circumstances surrounding the alleged abuse) in the weeks and days immediately preceding her death may well be harmful to Defendant's case. But for many of the same reasons discussed above in regard to the intrinsic nature of the evidence, the Court cannot say the evidence is unfairly prejudicial. *See United States v. Flanagan*, 34 F.3d 949, 953 (10th Cir. 1994) ("[T]he unfair prejudice aspect of Rule 403 'cannot be equated with testimony which is simply unfavorable to a party. It must be unfair in the sense that it would be misleading and not aid and assist the jury in making a material determination in the case.'" (quoting *McEwen v. City of Norman*, 926 F.2d 1539, 1549 (10th Cir. 1991))).

---

[2] To be clear, the Court finds that the evidence's probative value is not substantially outweighed by any of the grounds set forth in Rule 403. However, because Defendant focuses on unfair prejudice, the Court also focuses its analysis there.

## CONCLUSION

For these reasons, the Court finds that the evidence set forth in the government's 404(b) Notice [Doc. No. 116] is intrinsic to the charged crime or, alternatively, admissible under Rule 404(b).[3] The Court further finds that the evidence's probative value is not significantly outweighed by the danger of unfair prejudice to Defendant. Defendant's Objection [Doc. No. 121] is, therefore, **OVERRULED**.

**IT IS SO ORDERED** this 2nd day of October, 2024.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE

---

[3] Although the Court finds that the subject matter of the proffered evidence is of the type that would be admissible as intrinsic evidence or under Rule 404(b), the mode and manner of presentation of that evidence must otherwise comply with the Federal Rules of Evidence.