IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-21-221-TDD |
| ) | |
| DAVID DEVAL MARTIN, ) | |
| ) | |
| Defendant. ) | |

# **ORDER**

Before the Court is the government's Consolidated Motions in Limine to Limit Evidence Under Federal Rules of Evidence 401, 403, 404, 405 and 802 [Doc. No. 122]. Defendant did not respond by the deadline set forth in the Court's previous order. *See* 3/13/2024 Order [Doc. No. 109].

## **BACKGROUND**

In 2016, a jury in the District Court of McIntosh County, Oklahoma convicted Defendant David Deval Martin of first-degree murder. But after the United States Supreme Court's decision in *McGirt v. Okla.*, 591 U.S. 894 (2020), the Oklahoma Court of Criminal Appeals vacated Defendant's state-court conviction and remanded the case with instructions to dismiss. Defendant was then charged in the United States District Court for the Eastern District of Oklahoma with one count of Murder in Indian Country (First Degree) in violation of 18 U.S.C. §§ 1111(a), 1151, and 1153. The Indictment alleges that on or about November 7, 2013, Defendant willfully, deliberately, maliciously, and with premeditation and malice aforethought, unlawfully killed Jennifer Kitchens.

In the instant Motion, the government seeks a ruling preventing Defendant from offering evidence or testimony regarding the following: (1) his prior self-serving statements to law enforcement; (2) a January 1, 2013 incident at or around the victim's residence; (3) prior law enforcement visits to the victim's residence; (4) specific violent or aggressive acts by Defendant's ex-girlfriend, Kiyoko Harper, toward Defendant or third parties; and (5) a knife, located at the murder scene, being destroyed by state-court authorities following Defendant's state-court trial. The Court addresses each category in turn.

## STANDARD OF DECISION

"Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41, n.4 (1984) (citing Fed. R. Evid. 103(c); *cf.* Fed. R. Crim. P. 12(e)). As such, "[t]he purpose of a motion in limine is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Mendelsohn v. Sprint/United Mgmt. Co.*, 587 F. Supp. 2d 1201, 1208 (D. Kan. 2008). Despite these streamlining benefits, a court is typically "better situated during the actual trial to assess the value and utility of evidence." *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1219 (D. Kan. 2007).

In order to exclude evidence on a motion in limine "the evidence must be inadmissible on all potential grounds." *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). "Unless evidence meets this high standard, evidentiary rulings

should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Hawthorne Partners v. AT & T Tech., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). However, "the district court may change its ruling at any time for whatever reason it deems appropriate." *Jones v. Stotts*, 59 F.3d 143, 146 (10th Cir. 1995) (citations omitted); *see also Luce*, 469 U.S. at 41 ("The ruling is subject to change when the case unfolds . . . [E]ven if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling.").

## DISCUSSION

I.   **Defendant's prior self-serving statements to law enforcement**

The government seeks a ruling prohibiting Defendant from introducing "his own prior statements to law enforcement as they are self-serving and do not qualify as a party admission." Gov't Mot. at 7-8. The Court agrees with the general proposition that Defendant may not offer his own out-of-court statements for their truth unless a hearsay exception applies. *See United States v. Harry*, 816 F.3d 1268, 1279 (10th Cir. 2016) ("A statement by a party is not hearsay when offered by the opposing party, so Defendant's texts could be offered by the prosecution. But none of his texts could be offered by him for their truth unless a hearsay exception applies." (internal citation omitted)).

However, without knowing which of Defendant's prior statements are at issue, the Court cannot at this time definitively rule one way or the other as to their admissibility. The Court, therefore, reserves its decision until the appropriate time during trial. The Court cautions counsel for Defendant to approach the bench before any such testimony is elicited

or evidence is proffered, to allow the Court to rule on admissibility in the context of the trial evidence.

## II.   A January 1, 2013 incident at or around the victim's residence and prior law enforcement visits to the victim's residence

The government argues that two different categories of evidence are irrelevant and/or violate Rule 403's balancing test. First, the government seeks a ruling prohibiting Defendant from introducing evidence or argument regarding an incident on January 1, 2013 in which a "black male (not the defendant) was shooting a pistol" in the victim's neighbor's yard. *See* Gov't Mot. at 8. Second, the government seeks a ruling prohibiting Defendant from introducing evidence or argument regarding "law enforcement supposedly responding to the victim's residence on three to four occasions." *Id.* at 10.

Under Rule 401, evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." A fact is "of consequence" when "its existence would provide the fact-finder with a basis for making some inference, or chain of inferences, about an issue that is necessary to a verdict." *United States v. McVeigh*, 153 F.3d 1166, 1190 (10th Cir. 1998).

Upon consideration, the Court notes that the above categories of evidence appear to have little, if any, relevance to the factual issues to be determined by the jury. However, the Court cannot at this time conclusively determine that such evidence would be inadmissible on all potential bases. Even assuming evidence or argument regarding the January 1, 2013

incident or prior law enforcement visits to the victim's residence[1] is somehow relevant, however, such evidence or argument would be subject to the balancing test of Rule 403. Such evidence may well be unfairly prejudicial or could tend to confuse the issues and mislead the jury.

The Court, therefore, reserves its decision until the appropriate time during trial. The Court cautions counsel for Defendant to approach the bench before any such testimony is elicited or evidence is proffered, to allow the Court to rule on admissibility in the context of the trial evidence.

### III. Specific violent or aggressive acts by Kiyoko Harper

The government seeks a ruling prohibiting Defendant from introducing evidence or argument regarding Defendant's ex-girlfriend, Kiyoko Harper's, "acts of violence towards the defendant or other women [as it] is impermissible character evidence." Gov't Mot. at 11. "Evidence of Harper's character may only be proved by testimony about her reputation or in the form of an opinion." *Id.* Additionally, the government continues, "Harper's alleged actions against the defendant and others do not make it more likely than not that she brutally murdered Ms. Kitchens on November 7, 2013." *Id.* at 11-12.

Rule 404 prohibits the use of character evidence "to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a)(1). The Rules also limit the manner in which character evidence may be offered. Pursuant to Rule 405, character evidence, where admissible, is generally established by

---

[1] The government does not provide any detailed information about these alleged law enforcement visits to the victim's residence.

reputation or opinion. Evidence of specific instances of conduct may be allowed, but only in certain circumstances. The Rule provides:

> **(a) By Reputation or Opinion.** When evidence of a person's character or character trait is admissible, it may be proved by testimony about the person's reputation or by testimony in the form of an opinion. On cross-examination of the character witness, the court may allow an inquiry into relevant specific instances of the person's conduct.
>
> **(b) By Specific Instances of Conduct.** When a person's character or character trait is an essential element of a charge, claim, or defense, the character or trait may also be proved by relevant specific instances of the person's conduct.

Fed. R. Evid. 405(a), (b).

The Tenth Circuit has limited the circumstances in which specific instances of conduct may be permitted. "[I]t is the law of this circuit that 'a party may present testimony concerning specific instances of conduct only when character is in issue in the strict sense.'" *United States v. Herder,* 59 F. App'x 257, 263 (10th Cir. 2003) (quoting *United States v. Talamante,* 981 F.2d 1153, 1156 (10th Cir. 1992) (citations omitted)). "'Character is directly in issue in the strict sense when . . . the existence or nonexistence of the character trait itself determines the rights and liabilities of the parties.'" *Id.* at 264 (quoting *Perrin v. Anderson,* 784 F.2d 1040, 1045 (10th Cir. 1986)). In *Herder,* the Tenth Circuit cited with approval the Ninth Circuit's decision in *United States v. Keiser,* 57 F.3d 847 (9th Cir. 1995), noting that *Keiser* emphasized "[t]he relevant question should be: would proof, or failure of proof, of the character trait by itself actually satisfy an element of the charge, claim or defense? If not, then character is not essential and evidence should be limited to opinion or reputation." *Id.* (quoting *Keiser,* 57 F.3d at 856-57).

Here, Ms. Harper's character is not at issue. Therefore, to the extent it is otherwise admissible, Defendant may present character evidence concerning Ms. Harper only through the form of an opinion or reputation. *See* Fed. R. Evid. 405(a). However, such evidence or argument must be relevant and would be subject to the balancing test of Rule 403. The government's Motion is granted to the extent it relates to offering specific instances of Ms. Harper's prior conduct as character evidence.

The Court notes, however, that evidence of Ms. Harper's other crimes, wrongs, or acts could be admissible as reverse Rule 404(b) evidence. "[E]vidence of a witness' other wrongs, acts, or crimes is admissible 'for defensive purposes if it tends, alone or with other evidence, to negate the defendant's guilt of the crime charged against him.'" *United States v. Montelongo*, 420 F.3d 1169, 1174 (10th Cir. 2005) (quoting *Agushi v. Duerr,* 196 F.3d 754, 760 (7th Cir. 1999)). "Such evidence is often referred to as 'reverse 404(b)' evidence because prosecutors, not defendants, typically invoke Rule 404(b)." *United States v. Cook*, 761 F. App'x 840, 850 (10th Cir. 2019). However, "[i]n the vast run of such cases, . . . [the probative value of reverse 404(b) evidence] is slight, as it may just amount to pointing a finger at someone else who, having a criminal record, *might* have committed the crime the defendant is accused of committing." *Id.* (quoting *United States v. Murray*, 474 F.3d 938, 939 (7th Cir. 2007)) (emphasis in original). The "admissibility of reverse 404(b) evidence depends on a 'straightforward balancing of the evidence's probative value against considerations such as undue waste of time and confusion of the issues.'" *Montelongo*, 420 F.3d at 1174 (quoting *United States v. Stevens*, 935 F.2d 1380, 1404-05 (3d Cir. 1991)).

7

The Court will, however, reserve a ruling until trial as to whether Ms. Harper's other crimes, wrongs, or acts are admissible as reverse Rule 404(b) evidence. The Court cautions counsel for Defendant to approach the bench before any such testimony is elicited or evidence is proffered, to allow the Court to rule on admissibility in the context of the trial evidence.

**IV.    A knife being destroyed by state-court authorities**

The government seeks a ruling prohibiting Defendant from introducing evidence or argument regarding "a knife, located at the murder scene, being destroyed by state court authorities following the state trial." Gov't Mot. at 12. The government argues that the "fact that the knife is missing has no probative value related to the case at bar." *Id.* at 15. The government further argues that "the unintentional loss of the knife . . . is highly likely to result in misleading the jury as it has the tendency to sidetrack the jury and suggest to them that they should render their findings on an improper basis – the fact that state authorities lost the knife." *Id.*

Upon consideration, the Court notes that the detailed backstory as to how, or why, the knife went missing appears irrelevant and could risk wasting time or misleading the jury. However, the fact that the knife—which, according to the government, did not contain Defendant's DNA—is now missing could be relevant. If relevance is established, the jury has the right to know about the disappearance of the knife and weigh that information accordingly. Therefore, the government's Motion is denied as to the missing knife, subject to contemporaneous objections during trial.

## CONCLUSION

For these reasons, the Court rules as follows on the government's Consolidated Motions in Limine to Limit Evidence Under Federal Rules of Evidence 401, 403, 404, 405 and 802 [Doc. No. 122]:

- The Court reserves its decision regarding the admissibility of Defendant's out-of-court statements until the appropriate time during trial, subject to the general guidance included herein.

- The Court reserves its decision regarding the admissibility of a January 1, 2013 incident at or around the victim's residence until the appropriate time during trial.

- The Court reserves its decision regarding the admissibility of prior law enforcement visits to the victim's residence until the appropriate time during trial.

- The Court grants the Motion as it relates to Defendant offering evidence regarding specific violent or aggressive acts by Kiyoko Harper as character evidence. However, the Court reserves a ruling on whether Ms. Harper's other crimes, wrongs, or acts are admissible as reverse Rule 404(b) evidence.

- The Court denies the Motion regarding the knife, located at the scene, being destroyed by state-court authorities following Defendant's state-court trial, subject to the general guidance included herein.

**IT IS SO ORDERED** this 2nd day of October, 2024.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE